WM. D. & JAS. PATTON *v.* JAS. C. IRVIN *et al.*

1. CHANCERY PRACTICE. *Decrees. Appeal from. New parties.* Where a bill is filed at one term of the court against specific parties, and a decree is had in favor of complainants, a new defendant, who has been made such by order of the court at a subsequent term, may appeal from a decree rendered at that time, reviving the former judgment of the court against him, which will reopen the entire case with all its former decrees, so far as he is concerned, for review by the Supreme Court.

Code cited: Sec. 3157.

2. DEEDS OF TRUST. *U. S. Revenue stamps. Instruments not void for want of. When.* It will be error to declare a deed of trust void solely for the want of a revenue stamp.

---
FROM WILLIAMSON.
---

Appeal from the Chancery Court. FLEMING, Chancellor.

MCCONNICO, HICKS & THOMAS for complainants.

D. CAMPBELL, JESSE G. WALLACE, and T. W. TURLEY for defendants.

DEADERICK, J., delivered the opinion of the court.

In May, 1865, Jas. C. Irvin executed three trust deeds, one of which conveyed one hundred acres of land to M. J. Irvin to indemnify Wm. F. Carter and Cummins for their liability as his endorsers to the Planters Bank and others, and also to secure certain debts named in the deed. The conveyance was made to M. J. Irvin as trustee.

In July, 1865, complainants, as creditors of Jas. C., filed their attachment bill in the chancery court at Franklin, making Jas. C. and M. J. Irvin sole defendants, and charging said deeds to have been made for the purpose of defrauding creditors, and that the deed for one hundred acres was void for want of a U. S. revenue stamp.

At April term, 1869, the deeds were declared void for want of stamps, and an account was ordered to ascertain the amount of Jas. C.'s indebtedness to complainant, and adjudging that they were entitled to have satisfaction of their debts out of the property conveyed in said trust deeds.

At October term, 1869, the master having reported an indebtedness against Jas. C. and M. J. Irvin of about $4,000, a decree was entered for the same, and reciting that it appeared from the pleadings and former decree that complainants had a lien upon said property, it was ordered that the master sell the same if the said sum was not paid into his office within thirty days.

No sale was made, and other proceedings were had not necessary to be mentioned. It was ascertained that M. J. Irvin in and by said several trust deeds had never qualified, acccepted or acted as trustee, and that one Wm. F. Carter had been appointed and qualified in his stead. Thereupon said Carter on the 12th of February, 1872, filed his petition, setting out these facts and reciting and impeaching the proceedings, and was, upon his application, at April term, 1872, made ı party defendant in said cause. And at the sam

term (April, 1872), a decree was rendered, or order made, by the court "that the decree entered at October term of the court, 1869, and at a subsequent term of the court, directing the clerk and master of the court to make sale of the one hundred acre tract of land in the pleadings. mentioned and described, be divided and revived, and the master will proceed to excute said order and make the sale of the property as therein directed, and make report, etc."

From this decree, by leave of the court, Wm. F. Carter as trustee, and in his own right as beneficiary in the trust deed of the one hundred acre tract, has appealed to this court. These parties elected to hear the cause without formal answer by Carter, treating, perhaps, his petition as a sufficient statement of his defenses, as no judgment *pro confesso* was asked or taken against him for want of an answer, the original defendants, J. C. and M. J. Irvin, having denied the the charges of fraud and other material allegations of the bill. The argument now is, that at April term, 1872, the chancellor could not change the decree of October term, 1869, and that in following that decree, by the order at April term, there was no error which can be reversed by this court, as the decree was not final, but one simply reviving or renewing the decree of October, 1869. As to parties to the suit who were then parties, the argument may be conceded to be correct. But as to Carter, who became a party at April term, 1872, for the first time, the decree of that term was the first decree shat settled his right, and then was the first time that he had any right to

Patton *v.* Irvin.

appeal. The statute, Code, sec. 3157, authorizes the chancellor to allow an appeal from a decree ordering a sale before the sale is made, or he may allow any party to appeal from a decree which settles his right. The appeal was taken in this cause from a decree which directed a sale to be made, and which settled the right of Carter by reviving and renewing the decree of October, 1869. To hold that the decree of October, 1869, and other decrees in the cause, might not be reviewed on Carter's appeal, would be to decide they were binding upon him, although he was no party to the cause when they were made. We are of opinion, therefore, as the decree of April, 1872, was the first decree made which settled Carter's right, he might appeal therefrom, and that opens the whole case for the adjudication of this court. The deed of trust was declared void solely upon the ground that there were no U. S. revenue stamps upon it.

This was error, and it was therefore erroneous to order the sale of the one hundred acres for the satisfaction of complainants' debt.

The decree will be reversed and bill dismissed, and attachment discharged as to the one hundred acre tract of land, and remanded as to the other matters not finally adjudicated.